# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  January 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED | |
| CHARLES GENSMER, | No. 17-1369V | |
| | Special Master Horner | |
| Petitioner, | | |
| v. | | |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs | |
| AND HUMAN SERVICES, | | |
| Respondent. | | |
| * * * * * * * * * * * * * | | |

Kate G. Westad, SiebenCarey, Minneapolis, MN, for Petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 27, 2020, Charles Gensmer ("petitioner"), filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that he suffered from Guillain-Barré syndrome as a result of his September 29, 2014 influenza vaccination. (ECF No. 1.) On July 22, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on July 23, 2020. (ECF No. 46).

On September 18, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 50) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $39,723.87 (apportioned across three different law firms that Ms. Westad worked at during the pendency of the case). Fees App. at 1. Pursuant to General Order No. 9, petitioner states that he has not personally incurred any costs related to his petition. (ECF No. 51). Respondent responded

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to the motion on September 21, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 52). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.   Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.   Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests that his attorney, Ms. Kate Westad, be compensated at a rate of $350.00 per hour for all work performed in this case, from 2015 to 2020. These rates are consistent with what Ms. Westad has previously been awarded for her Vaccine Program work, and I find them to be reasonable for work performed in the instant case as well. *See, e.g., Marsyla v. Sec'y of Health & Human Servs.*, No. 15-1172V, 2016 WL 8253021 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); *Fontana v. Sec'y of Health & Human Servs.*, No. 16-1290V, 2017 WL 7542630 (Fed. Cl. Spec. Mstr. Dec. 28, 2017); *Bakken v. Sec'y of Health & Human Servs.*, No. 16-1283V, 2018 WL 4140890 (Fed. Cl. Spec. Mstr. Apr. 24, 2018).

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be slightly excessive. At Larkin Hoffman, it appears that Ms. Westad and the firm paralegals appeared to bill 0.2 hours as the minimum amount of time to complete any task. This issue was slightly mitigated upon Ms. Westad's move to SiebenCarey, at least with respect to paralegal time billed, although several of Ms. Westad's billing entries appear to be excessive (e.g., 0.2 hours for all phone calls and e-mails and review of routine filings such as status reports and motions for extension of time, 0.3 hours to instruct her staff to prepare overnight mail to DOJ and to receive petitioner's General Order No. 9 statement). These issues have previously been noted in fees applications submitted by Ms. Westad. *See, e.g., De Nuto v. Sec'y of Health & Human Servs.*, No. 17-104V, 2019 WL 3239464, at *3 (Fed. Cl. Spec. Mstr. Jun. 12, 2019).

Therefore, I find the following reductions to be reasonable: a five percent reduction to all time billed by Ms. Westad and paralegals at Larkin Hoffman (resulting in a reduction of $1,004.12) and a five percent reduction to Ms. Westad's time billed at SiebenCarey (resulting in a reduction of $442.75).

### c.  Attorneys' Costs

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

3

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,451.37 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Justin Willer. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

## II.     Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | **$31,272.50** |
| (Reduction to Fees) | - ($1,446.87) |
| **Total Attorneys' Fees Awarded** | **$29,825.63** |
| | |
| Attorneys' Costs Requested | $8,451.37 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,451.37** |
| | |
| **Total Attorneys' Fees and Costs** | **$38,277.00** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find it reasonable to compensate petitioner and his counsel as follows:

1) **a lump sum in the amount of $910.00, representing reimbursement for petitioner's attorneys' fees, in the form of a check payable to petitioner and the law firm of Lommen Abdo, P.A.;**

2) **a lump sum in the amount of $20,070.71, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and the Larkin Hoffman Law Firm; and**

3) **a lump sum in the amount of $17,296.29, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and the law firm of SiebenCarey, P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master